# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 20-04008-01-CR-C-SRB |
| **TIMOTHY IRVIN HUNSPERGER,** | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Teresa A. Moore, the United States Attorney, and Heather Richenberger, Special Assistant United States Attorney, both for the Western District of Missouri, respectfully submits this sentencing memorandum in the above captioned matter, set for a sentencing hearing on February 1, 2023. For the reasons set forth below, the Government recommends that the Court sentence the defendant, Timothy Hunsperger, to a 115-month term of incarceration in the Bureau of Prisons and a 4-year term of supervised release.

### I. BACKGROUND

On December 11, 2019, in Brumley, Missouri, law enforcement executed a narcotics related search warrant for the residence of Timothy Irvin Hunsperger. Hunsperger's residence was located at 5 Bangkor Lane, Brumley, Missouri. At the time the search warrant was executed, law enforcement found Hunsperger's girlfriend and child in the residence. The girlfriend advised she did not know where Husnperger was or who else may be in the residence. Law enforcement subsequently located Hunsperger in the attic area above the bathroom. When directed to come down from the attic space, Hunsperger refused to comply. Law enforcement

had to physically remove Hunsperger from the attic space. Once brought down from the attic, he continued to refuse to comply with the commands of law enforcement and was pulling his arms and hands to his chest resisting law enforcements attempts to restrain him.

After law enforcement detained Hunsperger, law enforcement searched the attic area where Hunsperger had been hiding. Law enforcement located a zip-lock bag containing 190.7 grams of methamphetamine (actual). Officers also observed in the bathroom below the attic space, a television screen connected the security system. In the living room, law enforcement located a handheld scanner that monitored the local Sheriff's Department radio traffic.

Hunsperger and his girlfriend were taken into custody. When questioned by law enforcement the girlfriend stated that Hunsperger was selling one to two ounces of methamphetamine a week over the last year.

An Indictment was returned in the Western District of Missouri on January 22, 2020, charging Hunsperger with one count of possession with intent to distribute 50 grams or more methamphetamine, pursuant to 18 U.S.C. § 841(a)(1) and (b)(1)(A). On July 19, 2022, Hunsperger pled guilty to the lesser included offense of Count 1, that is possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in a violation of 21 U.S.C. § 841(A)(1) and (b)(1)(B).

The United States Probation Office calculated the Sentencing Guidelines as follows:

| | |
|---|---|
| **Base Offense Level: § 2D1.1** | 32 |
| **Specific Offense Characteristics** | N/A |
| **Acceptance of Responsibility** | -3 |
| **Total Offense Level** | 29 |

With a Criminal History Category of VI, the calculation results in an applicable Guidelines range 151 to 188 months. The applicable statutory provisions provide a minimum

term of imprisonment of five years and a maximum term of 40 years, with a term of not less than four years supervised release. For the reasons discussed below, the Government recommends that Hunsperger be sentenced to 115 months' imprisonment and four years' supervised release.

## II. DISCUSSION

Even after *United States v. Booker*, 543 U.S. 220 (2005), sentencing begins with a properly calculated advisory Sentencing Guidelines range, which the Court must consider along with other factors listed in 18 U.S.C. § 3553(a) in arriving at a final sentence. United States Sentencing Commission, Guidelines Manual, § 1B1.1(a) and (b). The Court then must consider that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S.Ct. 558, 564 (2007); *United States v. Plaza*, 471 F.3d 728, 930 (8th Cir. 2006); and USSG § 1.1B1(c).

The Supreme Court has observed that "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). The Government submits that this case falls within the category of cases for which the Guidelines sentence is greater than necessary, to meet the goals outlined in 18 U.S.C. § 3553(a). The Government is recommending a below Guidelines sentence of 115 months. This sentence while a downward variance is a significant sentence and is sufficient to account for Hunsperger's criminal conduct in this case and his extensive criminal history. A sentence of 115 months is a reasonable sentence and is justified under § 3553(a) for the reason's set forth below.

A. *Application of the § 3553(a) Factors*

    1. **The History and Characteristics of the Defendant**

3

Case 2:20-cr-04008-SRB    Document 64    Filed 01/24/23    Page 3 of 8

The defendant's history and characteristics are the first of the factors enumerated in 18 U.S.C. § 3553(a)(1). Hunsperger's personal history and characteristics warrant imposition of a substantial sentence of imprisonment. He possesses a criminal history category 6, and his convictions collectively demonstrate a lifelong pattern of unlawful behavior and a complete disregard for the law. Hunsperger acquired his first conviction in 2001 for felony burglary, and thereafter, his criminal conduct continued unabated until his involvement in this case. Between 2001 and his arrest in this case, defendant acquired 6 felony convictions including possession of a stolen vehicle, tampering with a motor vehicle 1st degree, felony property damage, possession of a controlled substance, and damage to jail property. Defendant also acquired eleven misdemeanor convictions including resisting arrest, operating a vehicle without a license, driving while suspended, possession of marijuana, operate motor vehicle without minting financial responsibility, possession of drug paraphernalia, and failure to obey a lawful order.

Hunsperger has an extensive history of drug abuse including alcohol, marijuana, Xanax, LSD and methamphetamine. Hunsperger reported using methamphetamine from age 13 until the date of his arrest in this case. Hunsperger describes using methamphetamine intravenously at age 15 and continuing to use methamphetamine daily over a period of twenty plus years. Hunsperger's history reflects an individual who in spite of two decades of drug addiction, criminal convictions, significant periods of incarceration, and opportunities for substance abuse treatment, has refused to change his behaviors.

Hunsperger's history includes no verifiable employment over a period of 20 years, with Hunpserger explaining he is a self-taught mechanic who mainly does work on vehicles for his friends and makes enough money to take care of himself. This lack of verifiable employment strongly suggests a dependence on criminal conduct as his livelihood. Moreover, this lack of

4

verifiable employment, or lack of employment, has resulted in Hunsperger's $28,586 in non-collectible child support arrears.

In order to address Hunsperger's long unabated history of criminal conduct that has accounted for his livelihood for more than twenty years, a substantial sentence of 115 months' imprisonment followed by a four-year term of supervised release term is warranted.

2. **The Need to Protect the Public from Future Crimes by the Defendant**

The need to protect the public from the defendant's own future crimes, 18 U.S.C. § 3553(a)(1)(C), weighs in favor of imposing a substantial sentence of imprisonment. As noted above, Hunsperger has a lengthy history of criminal behavior. This behavior has included illegal drugs, burglary, and stolen vehicles. Hunsperger has served multiple sentences of incarceration, but as soon as he would be paroled, or complete a sentence, he would resume criminal behavior. His conduct shows him to be a risk to public safety. Moreover, Hunsperger was distributing methamphetamine, a particularly addictive and dangerous drug. Given Hunsperger's propensity for committing crimes, and the fact that he continued to persist in criminal activity despite repeated intervention by law enforcement, the interests of public safety interests demand a lengthy sentence of incarceration be imposed. Accordingly, a significant sentence of 115 months is appropriate to protect the public from his future crimes.

3. **The Nature and Circumstances of the Offense and Need to Afford Adequate Deterrence to Criminal Conduct**

The nature and circumstances of the offense of conviction, 18 U.S.C. § 3553(a)(1), as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A), and the need to

deter other criminal conduct, 18 U.S.C. § 3553(a)(2)(B), all weigh in favor of the 115 month sentence that the Government recommends.

As noted earlier, Hunsperger has convictions for felony drugs, resisting arrest, and failure to obey lawful order and has been in and out of prison on multiple occasions. In the instant case, he was on parole, had a parole warrant for absconding from supervision, and was found in his attic hiding with 190 grams of methamphetamine. When officers gave Hunsperger commands to come down from the attic he refused and law enforcement had to physically remove him from the attic, and then he still continued to resist arrest. Defendant's actions in the instant case, are a repeat of his prior unlawful conduct and convictions but now on a higher level.

Methamphetamine is a highly addictive, dangerous substance that poses a significant threat to public health. The amount of methamphetamine seized shows Hunsperger was certainly distributing quantities of methamphetamine to others. This is not a case about someone who simply is a drug addict, this is a case about someone who is selling controlled substances to others. While the Government is recommending a below Guidelines sentence, a significant sentence of imprisonment is appropriate and necessary deterrence for someone like Hunsperger. The Government is recommending a sentence of 115 months to send a message that defendant must stop committing crimes.

**4.  The Need to Avoid Unwarranted Sentencing Disparities**

Uniformity in sentencing among similarly-situated defendants is also an important element of sentencing, 18 U.S.C. § 3553(a)(6), and in general, this factor weighs in favor of a Guidelines-range sentence, since the Court "necessarily g[ives] significant weight and consideration to the need to avoid unwarranted disparities" when calculating and reviewing the Guidelines range. *Gall v. United States*, 552 U.S. 38, 54 (2007). In this case, the Government is

seeking a below Guidelines sentence, based on Hunsperger's criminal history which lacks the typical drug trafficking and violent offense convictions. However, the Government is seeking a significant sentence of 115 months, to account for Hunsperger's criminal history category of 6, his criminal conduct in this case and his apparent 20 year livelihood of criminal conduct. A sentence of 115 months is consistent with other similarly situated defendants with similar history of criminal conduct.

5. **Balancing of All § 3553(a) Factors**

On balance, after weighing the relevant § 3553(a) factors, the Government recommends that the Court impose a sentence of 115 months followed by four years' supervised release. This sentence will reflect the severity of the current offense, protect the community from Hunsperger's future misconduct and avoid unwarranted sentencing disparities. This sentence while a downward variance, is sufficient, but not greater than necessary to achieve the goals of sentencing.

B. *Recommended*

Due to Hunsperger's inability to pay, the Government is not advocating that a fine be imposed. The $100 Special Assessment, however, is mandatory and must be paid in full no later than the date of sentencing.

IV. **CONCLUSION**

The Government respectfully submits that a sentence of 115 months followed by four years supervised release constitutes a sentence sufficient, but not greater than necessary, to achieve justice.

Respectfully submitted,

**Teresa A. Moore**
United States Attorney

By     */s/ Heather D. Richenberger*
**Heather D. Richenberger**
Special Assistant United States Attorney
Missouri Bar No. 50576

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on January 24, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to current counsel of record.

*/s/ Heather D. Richenberger*
**Heather D. Richenberger**
Special Assistant United States Attorney